UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRENDAN BEARDSLEY, et al.,

    Plaintiffs,

    -v-

COUNTY OF SARATOGA,

    Defendant.

MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
Civil Action No: 1:23-CV-01641 (TJM/ML)

---

## I. INTRODUCTION

Defendant respectfully submits this Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment. This is an action alleging violations under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a). Plaintiffs are Corrections Officers, Corrections Sergeants, Desk Officers, Desk Sergeants, and Civil Clerks employed by Saratoga County. Plaintiffs seek summary judgment on the grounds that there are no genuine disputes of material fact regarding Plaintiffs' claims. However, as demonstrated below, Defendant has presented sufficient evidence to establish genuine disputes of material fact, precluding summary judgment. The Plaintiffs' reliance on conclusory statements without sufficient evidentiary support further underscores the need for this Court to deny the motion and allow the factual disputes to be resolved through appropriate legal proceedings. Submitted with this Memorandum of Law is Defendant's Reply to Plaintiffs' Statement of Material facts, with annexed exhibits, as well as the Affidavits of Matthew J. McAuliffe ("MJM Decl."), Steven Gordon, and Colonel Richard Emery.

## II. LEGAL STANDARD

Summary Judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Szwalla v. Time Warner Cable LLC*, 670 Fed. Appx. 738, 739 (2d Cir. 2016); *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011); Fed. R. Civ. P. 56(a). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004). The burden is on the moving party to demonstrate the absence of any genuine issue of material fact. *Szwalla* 670 Fed. Appx. At 739.

## III. ARGUMENT

### A. Defendants Have Established Genuine Disputes of Material Fact

To defeat a motion for summary judgment, the non-moving party must show that there is a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Defendants have provided evidence demonstrating that there are genuine disputes of material fact regarding the alleged pre-shift work, calculation of Plaintiffs' regular rate of pay, the timing at which overtime payments are made, and the employer's knowledge of such work.

#### 1. Defendant Has Not Failed to Compensate Plaintiffs for Time They Have Worked

To establish liability under the FLSA for unpaid overtime, a Plaintiff must prove that they performed work for which they were not properly compensated and that the employer had actual or constructive knowledge of that work. *Fangrui Huang v. GW of Flushing I, Inc.*, 2021 U.S.

Dist. LEXIS 2505, at *9 (E.D.N.Y. 2021). Pre-shift work is not being performed by Plaintiffs. SOF ¶ 162. Defendant has no knowledge of pre-shift work being performed and have no reason to have such knowledge. *Id.* It is the policy of the County that employees are to punch in prior to performing any job functions. *Id.* Supervisory employees of Saratoga County are expected to take action if an employee is suspected of performing pre or post-shift work, but supervisors are not aware of any pre or post-shift work being performed. *Id.* ¶ 68-69. Plaintiffs claim that Defendant maintains a policy that only rounds down when an employee begins their shift but such is not the case. An employee who punches in to work prior to seven minutes before the start of their shift will be compensated with an additional .25 hours of paid time. *Id.* ¶ 80. Every Post Order for employees of the Sheriff's Department direct employees to punch in prior to completing any tasks. *Id.* ¶ 80. Defendant has presented admissible evidence, including County policies, witness testimony, and emails from Plaintiffs showing that Plaintiffs' claims of unpaid overtime are disputed and that a reasonable jury could find in favor of Defendant.

Plaintiffs allege that they are not compensated for changing into uniforms, performing shift exchanges, signing into computer programs, and gathering equipment required to perform their job duties. Such is not the case. Plaintiffs have been instructed they are to punch in prior to performing any work activities or job functions and Plaintiffs are permitted to wear their uniforms to and from work if they choose. *Id.* ¶¶ 40, 43, 83, 86-89. There is no requirement, by rule or by the nature of the work that Plaintiffs must change into their entire uniform at work. This evidence creates a genuine dispute of material fact regarding uncompensated work allegedly performed by Plaintiffs.

## 2. Defendant Does Not Have Actual or Constructive Knowledge of Unpaid Work

Defendants have also provided evidence that the employer did not have actual or constructive knowledge of the unpaid work allegedly performed by Plaintiff. *Fangrui Huang,* 2021 U.S. Dist. LEXIS 2505, at *9. There is no documented evidence to show that Defendant knew or should have known that Plaintiffs are alleging they are performing work activities prior to being punched in for their shifts. Conversely, Defendant has shown through witness testimony that there was no reason to believe any work activities were being performed prior to the start of an employees scheduled shift because work activities are not being performed prior to the start of their scheduled shift. Scott v. City of New York, 592 F. Supp. 2d 501 Worley v. City of New York, 2020 U.S. Dist. LEXIS 32931. Saratoga County maintains a reporting procedure for grievances when an employee believes they have been mistreated or a violation of the FLSA has been committed. No Plaintiff has used that reporting system or made any kind of report to any supervisor that they believed they were working more time than they were being compensated for. As no supervisor or administrator in the County has witnessed employees performing work prior to punching in for their shifts, there was no reason to inquire if such was occurring. Additionally, Saratoga County maintains policies promoting complete documentation of their time cards so that employees will be properly compensated for, MJM Aff. at ¶7. Additionally, Saratoga County has held several instructional sessions to promote accurate timekeeping so that employees are properly compensated. *Id.* at 9.

Plaintiffs contend that the County has taken no steps to prevent Plaintiffs from performing uncompensated work, but such is not the case. The County has instructed employees through policy and training that they are not to begin performing work prior to the start of their shifts and supervisors are trained to prevent that from occurring. SOF ¶¶ 38-62, 136. The

County's witness testified that he had no reason to believe employees were performing work prior to their shift, not that he has observed pre-shift work and done nothing to prevent it. *Id.* at ¶ 136.

The existence of such evidence creates a genuine dispute of material fact as to whether the employer knew or should have known about the alleged unpaid work.

### 3. The County Properly Calculated the Regular Rate of Pay for Overtime

Plaintiffs are not entitled to summary judgment based on allegations of Defendant's failure to properly calculate the regular rate of pay for overtime. As shown in Defendant's Response to Plaintiff's Statement of Material Facts, a jury may reasonably find for Defendant based on Defendant's proper calculation of the regular rate of pay for overtime. *Id.* at ¶ 139-141. Defendants have rebutted with admissible evidence the suggestion that Defendant has not properly calculated the rate of overtime. The Collective Bargaining Agreement currently in place between the Plaintiffs and Defendant incorporates such payments and Defendant testified that whatever was in the contract was how the rate was calculated. *Id.* at ¶ 139-141. These claims are not appropriate for resolution at the summary judgment stage.

### 4. The County Has Not Failed to Pay Overtime in a Timely Manner

The County has not failed to pay overtime in a timely manner. Overtime as a general practice is included in the employee's paycheck **one week** after an employee performs the overtime. *Id.* at ¶ 145-147. Defendant's witness stated in their deposition that if payroll was processed on a Friday, the employees would be paid the following Thursday, six days later. *Id.* Defendant has also testified and shown through admissible evidence that if there was a mistake in issuing overtime that the County would cut a check to the employee prior to the next pay period. *Id.* at

¶146. Employees record how much overtime they have worked by marking their timecards with the appropriate notation. These notations are required when an employee works overtime, swaps shifts with another employee, takes sick time, or when an employee "banks" a holiday day. There are many instances where employees forget to mark their timecards and County administrators emailed them to make sure they are receiving the compensation they are entitled to. *Id.* at ¶146. The fact that the County reaches out to employees to clarify what the notations on their timecard say reveals that the County actively attempts to ensure all employees are paid for all time worked. *Id.* at ¶146.

Defendant has shown that a triable issue of fact exists as to the timeliness of overtime payments and summary judgment is not appropriate at this time.

### 5. Plaintiffs are Not Entitled to Liquidated Damages

The good faith defense under 29 U.S.C. 259 requires the employer to prove that their actions were taken in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation. Defendant has presented evidence challenging showing good faith reliance on advice from counsel that their policies and practices were compliant with the FLSA. *Id.* at ¶146, including instances where the employer complied with FLSA requirements. This evidence creates a genuine dispute of material fact regarding the good faith defense.

Plaintiffs are not entitled to liquidated damages because the County has not violated the FLSA. Further, as no liability has been assigned to the Defendant, a Motion for Summary Judgment is not the appropriate vehicle to determine any potential damages. The Plaintiffs' reliance on conclusory statements without sufficient evidentiary support further underscores the

need for this Court to deny the motion and allow the factual disputes to be resolved through appropriate legal proceedings.

**IV. CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' Motion for Summary Judgment. Defendant has demonstrated that there are genuine disputes of material fact regarding the alleged FLSA violations, precluding summary judgment.

Dated: February 14, 2025  
Glens Falls, New York

By: *Matthew J. McAuliffe*  
Matthew J. McAuliffe, Esq.

**CERTIFICATE OF SERVICE**

I certify that on February 14, 2025, a copy of the foregoing document was served on the following counsel of record via ECF filing:

>Gregory K. McGillivary
>Sarah M. Block
>Rachel Lerner
>McGILLIVARY STEELE ELKIN LLP
>1101 Vermont Ave., N.W., Suite 1000
>Washington, DC 20005
>Phone: (202) 833-8855
>smb@mselaborlaw.com
>gkm@mselaborlaw.com
>rbl@mselaborlaw.com
>
>Howard G. Wien
>ISAACS DEVASIA CASTRO & WIEN LLP
>80 Broad Street, 5th Floor
>New York, NY 10004
>Phone: (917) 551-1300
>hwien@idcwlaw.com

/s/ Matthew J. McAuliffe
Matthew J. McAuliffe